IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

EDDIE MAE SPRINGFIELD                                              PLAINTIFF

V.                                                    CIVIL ACTION NO. 4:18-CV-234-SA-JMV

DR. JANICE PAGE, JAN VAUGHN,
DR. LORETTA SHANNON, SHIRLEY
CARTLIDGE, DORIAN TURNER                              DEFENDANTS

ORDER

Eddie Mae Springfield filed her *pro se* Complaint [1] in this Court on November 16, 2018 against the Greenville Public School District's Superintendent and members of the Board of Trustees asserting a claim for age discrimination under 29 U.S.C. § 621. Now before the Court is the Defendants' Motion to Dismiss [12] for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

*Factual and Procedural Background*

The Plaintiff was born in 1961 and is fifty-eight years old. According to her Complaint, the Plaintiff is currently employed by the Greenville Public School District but was demoted on November 17, 2017. The Plaintiff claims that after she was reassigned to a new position, a younger person was given her job duties and responsibilities. The Plaintiff asserts that she never received due process and requests re-employment under the ADEA.

In their Motion to Dismiss [12], the Defendants argue that they cannot be held individually liable because they are not "employers" within the scope of ADEA liability and request the dismissal of this action for the failure to state a claim against a viable Defendant.

On March 30, 2019, approximately four months after filing her *pro se* Complaint and five days after the pending Motion [12] was filed, the Plaintiff obtained counsel who then filed a Notice

of Appearance [14] as counsel of record. The Plaintiff has not responded to the Defendants' Motion [12].

*Standard of Review*

In deciding the Defendants' Motion to Dismiss, the Court must read the Complaint in the light most favorable to the Plaintiff and all well-pleaded, material allegations in the Complaint must be taken as true. *Estelle v. Gamble*, 429 U.S. 97, 112, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). It is the purpose of a Rule 12(b)(6) motion to test the formal sufficiency of the statement for relief. *Murray v. Amoco Oil Co.*, 539 F.2d 1385 (5th Cir. 1976). A legally sufficient complaint must establish more than a "sheer possibility" that the plaintiff's claim is true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S. Ct. 937, 173 L. Ed. 2d 868 (2009). It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). In other words, a "[plaintiff's] complaint therefore must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* at 570, 127 S. Ct. 1955.

Importantly, the Court liberally construes pleadings filed *pro se*, such as the complaint in this case. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993); *see also Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (noting that *pro se* complaints are held "to less stringent standards than formal pleadings drafted by lawyers"). However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez–Montes v. Allied Pilots Assn.*, 987 F. 2d 278, 284 (5th Cir. 1993).

*Discussion and Analysis*

The ADEA authorizes suits against employers for age discrimination. *See* 29 U.S.C. § 623(a). The definition of "employer" in ADEA cases is nearly identical to the Title VII definition,

"and courts tend to follow the more developed Title VII jurisprudence in ADEA cases." *Koppman v. South Central Bell Telephone Co.*, 1992 WL 142390, *8 (E.D. La. Jun. 17, 1992). An employer is "a person engaged in an industry affecting commerce . . . and any agent of such a person. *Harvey v. Blake*, 913 F.2d 226, 227 (5th Cir. 1990) (citing 42 U.S.C. §§ 2000e(b)). Fifth Circuit precedent is clear that "[i]ndividuals are not liable under Title VII in either their individual or official capacities." *Malcolm v. Vicksburg Warren School District Board of Trustees*, 709 Fed. Appx. 243, 247 (5th Cir. 2017) (citing *Ackel v. National Communications, Inc.*, 339 F.3d 376, 380 (5th Cir. 2003). Likewise, "the ADEA 'provides no basis for individual liability for supervisory employees.'" *Malcolm*, 709 Fed. Appx. At 247 (citing *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 686 (5th Cir. 2001) (citation omitted).

In *Malcolm*, the *pro se* Plaintiff sued individuals associated with a school district's Board of Trustees. The district court granted summary judgment and dismissed the plaintiff's claims with prejudice. On appeal the Fifth Circuit affirmed, finding that the plaintiff could not pursue an ADEA claim against individual defendants. *Id*. (holding that "the ADEA provides no basis for individual liability for supervisory employees.") (citation omitted); *Fierro v. Knight Transp.*, No. EP-2-CV-218-DCG, 2012 WL 4321304, *7 (W.D. Tex. Sep. 18, 2012) (citation omitted); *Medina*, 238 F.3d at 686.

Here, as in *Malcolm*, the Plaintiff sued individuals associated with a school district's Board of Trustees. In her Complaint, the Plaintiff does not indicate that she is pursuing a claim against the Defendants in their official capacities and fails to allege any facts that the Defendants were the Plaintiff's immediate supervisors. *Harvey*, 913 F.2d at 227 (finding immediate supervisors may be held liable in their official capacities "when delegated the employer's traditional rights, such as hiring and firing."). Given that individuals in their individual or official capacities cannot be held liable under the ADEA as a matter of law, the Court finds the Plaintiff's Complaint fails to state a

claim upon which relief can be granted. *Malcolm*, 709 Fed. Appx. at 247; *Forston v. Embry-Riddle Aeronautical University*, 1998 WL 378361, *1 (N.D. Miss. Apr. 30, 1998) (citation omitted).

*Conclusion*

For all of the reasons discussed above, the Defendants' Motion to Dismiss [12] is GRANTED. This case is dismissed without prejudice.

SO ORDERED, this, the 19th day of June, 2019.

/s/Sharion Aycock
UNITED STATES DISTRICT JUDGE